## Toledo, St. Louis & Western Railroad Company v. Albert I. Ferguson.

1. MEASURE OF DAMAGES—*when application of erroneous, not ground for reversal.* Notwithstanding the measure of damages applied by the court to a cause is not the true one, a reversal will not follow where the verdict was not more than was justified by the evidence.

2. ATTORNEY'S FEES—*when erroneous instruction as to amount allowable not ground for reversal.* An instruction which fails to limit the jury to the evidence as the basis for the allowance of an attorney's fee, though erroneous, is not ground for reversal where the amount allowed was reasonable and justified by the evidence.

Action commenced before justice of the peace. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

CHARLES A. SCHMETTAU, EUGENE RHEINFRANK, and A. J. FRYER, for plaintiff in error; CLARENCE BROWN, of counsel.

HENLEY & HUGHES, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Albert I. Ferguson brought suit against the Toledo, St. Louis & Western Railroad Company before a justice of the peace to recover for damages resulting to his property from the setting of fire, by locomotives of the railroad company. He recovered a judgment before such justice of the peace from which the railroad company appealed to the Circuit Court of said Coles county. The case was again tried in the latter court where Ferguson recovered a verdict and judgment in the sum of $65. The railroad company has appealed.

It appears from the evidence that there were three fires set by the locomotives of appellant which damaged appellee's property on the dates respectively, Septem-

Toledo, St. L. & W. R. R. Co. v. Ferguson.

ber 24, 1905, September 29, 1905, and October 16, 1905; the first of which damaged a small field of clover; the second damaged an oat stubble in which there was a stand of growing clover and also burned about twenty-two rods of fence; the third destroyed appellee's clover and timothy meadow.

There was ample evidence given in the case by appellee and his witnesses to show that he sustained a direct loss from such fires in the sum of $37 and that the services of his attorney in trying the case before the justice of the peace and again in the Circuit Court were reasonably worth from $35 to $40. Appellant offered no evidence whatever upon either branch of the case and it would seem that the verdict of the jury in fixing the damages at $65 was a fair and moderate one.

Appellant seeks a reversal of the judgment upon the ground that the court admitted evidence as to the value of the fence and crops destroyed, and did not limit appellee, either in the giving of testimony or by instructions, to the rule that in case of damage to meadows, growing crops, etc., resulting from fire escaping from a locomotive, the measure of damages is the difference between the value of the land upon which such crops were situated before and after the fire complained of.

The rule contended for by appellant is the correct one and is one which the trial court should have enforced, yet we do not regard the error as one so far prejudicial as to warrant us in reversing the judgment.

Appellant by its passing locomotives set three fires to the property of appellee within a period of twenty-two days and the trial court permitted witnesses for appellee to state the amount of damage done, to the specific thing burned or destroyed by each of the separate fires, instead of holding appellee to the correct rule as announced. If it appeared that any injury to appellant's case had resulted from such ruling of

the court we would be disposed to reverse the judgment; but such is not the case. Appellant does not contend that the damages allowed were excessive and upon the trial offered no evidence whatever, either to dispute the testimony given by appellee and his witnesses, or to show that the damages as estimated by the correct rule were less than the damages as fixed by the evidence of appellee.

It is clearly apparent from this record that appellee recovered from appellant no more than he was entitled to and we are not disposed to reverse the judgment in order that appellee may accomplish the same result by a different means when the means that have been employed worked no harm to appellant.

Appellant contends that there was error in the court's instructing the jury that appellee could recover "such a reasonable amount of attorney's fees as they might believe from the evidence he was entitled to," and argue that by force of such instruction the jurors were allowed to exercise their individual judgment in determining how much appellee was entitled to recover upon that account. Conceding that this instruction was faulty in not requiring the jury to fix the reasonable value of the services of the attorney *as shown by the evidence*, yet it cannot be said to have done appellant any harm for the reason that the jury in their estimate allowed appellee only $65, including attorney's fees, while the undisputed evidence showed that his direct damages were $37 and his attorney's fees at least $35, making a total of $7 more than the jury allowed.

The judgment was right and is affirmed.

*Affirmed.*

Appellee's motion to tax against appellant the cost of additional abstract furnished by appellee is allowed.